UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN F. BARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV1279SNL |
| ) | |
| GARY KEMPKER, ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff has filed this employment discrimination action alleging that he was retaliated against as to the terms of his employment on the basis of race and national origin in violation of Title VII. This matter is before the Court on defendant Mayberry's motion to dismiss (#27), filed April 27, 2005. As of today's date, plaintiff has failed to file a response.

In his motion, defendant seeks dismissal on three (3) grounds: 1) plaintiff's "amended complaint" fails to comport with the requirements of Rules 8 and 10 Fed.R.Civ.P.; 2) that individuals, especially supervisors, cannot be held liable under Title VII; and 3) plaintiff has failed to indicate that he has exhausted his administrative remedies.

On March 30, 2005 this Court allowed the plaintiff to amend his complaint by filing a document which informed the Court that he wanted to change his request for a jury to one for a bench trial. He also changed his prayer for relief by eliminating his demand for $5,000,000.00 and instead now seeking an apology, a different job assignment, and restitution of his "lost pay" for one (1) week. It is this Court's policy and practice to accord *pro se* plaintiff some flexibility, especially when amending their complaints. Perhaps the Court should have made it clearer that by allowing the plaintiff to file his pleading amending his complaint, both the original complaint and

the pleading amending it was to be considered together. Thus, the original complaint and plaintiff's document amending his prayer do comport with Rules 8 and 10 Fed.R.Civ.P. Furthermore, plaintiff's original complaint provides evidence that he did file a charge with the EEOC and the MCHR prior to filing his lawsuit; thus, exhausting his administrative remedies. Defendants' argument as to non-compliance with Rules 8 and 10 Fed.R.Civ.P. and failure to exhaust administrative remedies is meritless.

However, the defendant's argument pertaining to non-liability of individuals under Title VII is well-taken. Individuals, including co-workers and supervisors, cannot be held liable under Title VII. Roark v. City of Hazen, Ark., 189 F.3d. 758, 761 (8th Cir. 1999); McGregory v. Crest/Hughes Technologies, 149 F.Supp.2d. 1079, 1092 (S.D.Iowa 2001); *see also*, Kenney v. Musgreves, 242 F.3d. 375(8th Cir. 2000)(unpublished) *citing* Roark, *supra.* Thus, plaintiff's complaint must be dismissed as to defendant Mayberry.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Mayberry's motion to dismiss (#27) be and is **GRANTED.** This cause of action is hereby **DISMISSED** in its entirety as to defendant Mayberry.

**IT IS FINALLY ORDERED** that this cause of action is hereby **DISMISSED** in its entirety since all claims against all defendants have been dismissed and no further action is to be taken. All parties shall bear their respective costs.

Dated this   11th   day of May, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE